# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* H.S.-1

No. 20-0381 (Nicholas County 19-JA-128)

**FILED**

**December 10, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother H.S.-2, by counsel James R. Milam II, appeals the Circuit Court of Nicholas County's March 6, 2020, order terminating her parental rights to H.S.-1.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Denise N. Pettijohn, filed a response on behalf of the child also in support of the circuit court's order and a supplemental appendix. On appeal, petitioner argues that the circuit court erred in denying her motion for a post-adjudicatory improvement period and in terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Prior to the filing of the instant petition, petitioner's parental rights to three older children were involuntarily terminated in March of 2019 during a prior abuse and neglect proceeding, just months before H.S.-1's birth. The DHHR filed the instant child abuse and neglect petition against petitioner and the father in October of 2019 alleging that petitioner tested positive for marijuana upon admission to the hospital for the birth of H.S.-1. The DHHR further alleged that neither petitioner nor the father had corrected the conditions of abuse and neglect that led to the prior termination of their parental rights. Later that month, the DHHR filed an amended petition alleging

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, because the child and petitioner share the same initials, we will refer to them as H.S.-1 and H.S.-2, respectively, throughout this memorandum decision.

1

that H.S.-1's umbilical cord tested positive for buprenorphine and marijuana. Both parents waived their preliminary hearings.

The circuit court held an adjudicatory hearing in December of 2019, during which a Child Protective Service ("CPS") supervisor testified that petitioner had marijuana in her system upon giving birth to H.S.-1. The supervisor also testified that a prior child abuse and neglect petition was filed against the parents alleging drug use and domestic violence. The prior petition resulted in the termination of petitioner's parental rights to three older children in March of 2019, just months before the birth of H.S.-1 and the filing of the current petition. The supervisor also testified that neither parent had corrected the circumstances requiring the previous termination of their parental rights. After the supervisor's testimony, the circuit court continued the hearing, over the objections of the parents, to hear evidence from additional witnesses. The next month, the circuit court resumed the adjudicatory hearing and took additional evidence from a CPS caseworker. In light of the evidence, the circuit court found that both parents had their parental rights terminated to other children, H.S.-1 tested positive for controlled substances at birth, and there was clear and convincing evidence that H.S.-1 is an abused and neglected child. As a result, the circuit court adjudicated both as abusing and neglecting parents and denied their motions for improvement periods.

In March of 2020, the circuit court held a dispositional hearing wherein the DHHR and guardian moved for termination of petitioner's parental rights while the parents moved for post-dispositional improvement periods. At the hearing, a CPS caseworker testified that petitioner had prior involuntary terminations of her parental rights and confirmed that H.S.-1 was born drug-exposed. The caseworker confirmed that the parents were not being provided services in these proceedings but the DHHR was nevertheless seeking termination of their parental rights. The caseworker further testified that the parents had been offered services in prior child abuse and neglect proceedings. Specifically, the caseworker stated that petitioner failed to participate in drug treatment and the father did not participate in services at all. Under cross-examination, the CPS worker admitted that the parents had been relatively compliant with the DHHR by staying employed, maintaining housing, and participating in drug screenings. However, the caseworker still recommended termination of the parents' parental rights based on their lack of participation in prior proceedings, prior involuntary terminations of parental rights, and current drug use upon the birth of H.S.-1. The parents also testified, admitting to the prior termination of their parental rights but maintaining they would comply with any services the DHHR would offer. Under cross-examination, the father admitted to using buprenorphine without a prescription and petitioner admitted to using marijuana during the last two months of her pregnancy with H.S.-1.

At the conclusion of the dispositional hearing, the circuit court found that petitioner had abused drugs, missed medical appointments, and engaged in domestic violence in prior child and abuse proceedings, resulting in the involuntary termination of her parental rights to three older children. As such, the circuit court considered petitioner's "long history of drug abuse and inability to parent" and found that even if the parents had shown some evidence of being drug-free after the petition was filed, petitioner still admitted to using marijuana during her pregnancy, the child was hospitalized for two weeks while being treated for withdrawal, and the father admitted to using buprenorphine without a valid prescription. Ultimately, the circuit court denied the parents' motions for improvement periods, finding that there was no reasonable likelihood that they could

correct the conditions of abuse and neglect in the near future and that termination of their parental rights was necessary for the child's welfare. The circuit court terminated petitioner's parental rights by order entered on March 6, 2020. It is from this dispositional order that she now appeals.[2]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

Petitioner argues that the circuit court erred in denying her a post-adjudicatory improvement period because she "was following all of the requirements" set forth by the DHHR, which she concedes was only drug testing. However, petitioner argues that she participated in a drug rehabilitation program and counseling of her own accord. According to petitioner, the circuit court erroneously denied her an improvement period based on her actions in prior abuse and neglect proceedings and "not on the merits of this case." As such, petitioner asserts that she showed sufficient progress and improvement to warrant the granting of an improvement period. Upon our review, we find that petitioner is entitled to no relief.

West Virginia Code § 49-4-610(2)(B) provides that the circuit court may grant a parent a post-adjudicatory improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period." "This Court has explained that 'an improvement period in the context of abuse and neglect proceedings is viewed as an opportunity for the . . . parent to modify his/her behavior so as to correct the conditions of abuse and/or neglect with which he/she has been charged.'" *In re Kaitlyn P.*, 225 W. Va. 123, 126, 690 S.E.2d 131, 134 (2010) (citation omitted). Finally, the circuit court has discretion to deny an improvement period when no improvement is likely. *In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002). While petitioner avers that she made some improvements, the record shows that petitioner failed to correct the conditions of abuse and neglect that led to the involuntary termination of her parental rights to three older children. Specifically, the father and petitioner continued to abuse drugs during her pregnancy with H.S.-1 despite knowing the risks to the child's health. Although petitioner asserts that she completed substance abuse treatment on her

---

[2]The father's parental rights were also terminated. According to the DHHR, the permanency plan for the child is adoption by her foster family.

own and without the assistance of the DHHR, the record contains no evidence corroborating this claim. Further, petitioner's ability to care for the child is in question because she could not care for her three other children and admitted to using marijuana. Petitioner also admitted to abusing controlled substances during her prior abuse and neglect proceedings. By continuing to abuse drugs, petitioner has failed to make any substantial changes to her circumstances despite the DHHR's prior interventions and services. Therefore, it is clear that petitioner was unlikely to fully participate in an improvement period, and we find no error in the circuit court's decision.

Finally, petitioner argues that the circuit court's finding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future was not supported by the evidence. She further asserts that the circuit court should have imposed a less-restrictive dispositional alternative to the termination of her parental rights. We disagree.

West Virginia Code § 49-4-604(c)(6) provides that circuit courts are to terminate parental rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. "No reasonable likelihood that conditions of neglect or abuse can be substantially corrected" means that "the abusing adult or adults have demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help." *Id.* at § 49-4-604(d). We also acknowledge that "the legislature has reduced the minimum threshold of evidence necessary for termination [of parental rights] where one of the factors outlined in [West Virginia Code § 49-4-605] is present," such as the involuntary termination of parental rights to the sibling of a child named in the petition. Syl. Pt. 2, in part, *In re George Glen B., Jr.*, 205 W. Va. 435, 518 S.E.2d 863 (1999). However, "prior to the [circuit] court's . . . disposition regarding the petition, it must allow the development of evidence surrounding the prior involuntary termination(s) and what actions, if any, the parent(s) have taken to remedy the circumstances which led to the prior termination(s)." *Id.* at 437, 518 S.E.2d at 865, syl pt. 4, in part.

The record establishes that petitioner demonstrated an inadequate capacity to solve the problems of abuse or neglect given that this was her fourth child involved in a child abuse and neglect proceeding. Further, petitioner engaged in the same substance abuse that was the subject of the prior child abuse and neglect petition with the other children. Despite the DHHR's extensive services offered to petitioner in the previous case, there is no indication that petitioner has made any substantial improvements or was willing or able to make changes to her abusive and/or neglectful behavior in the future. As such, the evidence supports the circuit court's conclusion that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. Lastly, we find that the termination of petitioner's parental rights was necessary for the child's welfare, given petitioner's failure to remedy the chronic conditions at issue that resulted in the prior termination of her parental rights to three older children.

To the extent petitioner claims that she should have been granted a less-restrictive disposition, we have held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia

4

Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Because the circuit court properly found that there was no reasonable likelihood that the conditions of abuse and neglect could be corrected in the near future, a less-restrictive dispositional alternative was not warranted.

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 6, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**: December 10, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

5